UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOLOMON SHANY,

          Plaintiff,

- against -

SERGEANT ROBERT HYLAND, Shield No. 3268,
P.O. ROBERT PEPE, Shield No. 25068
and THE CITY OF NEW YORK,

          Defendants.
-----------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, SOLOMON SHANY, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery and false arrest.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, SOLOMON SHANY, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant SERGEANT ROBERT HYLAND, Shield No. 3268 (hereinafter "HYLAND") was and is a natural person employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. ROBERT PEPE, Shield No. 25068 (hereinafter "PEPE") was and is a natural person employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. On or about May 14, 2019, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

12. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

14. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS HYLAND and PEPE
### (42 U.S.C. §1983)

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. At the time of the events alleged herein, plaintiff was seventy-three years of age.

17. At all times relevant hereto, plaintiff and his wife were the lawful occupants of Apartment 1L at the premises 99-65 64th Road, Rego Park, County of Queens, City and State of New York (hereinafter "subject premises").

18. The aforementioned apartment is rent regulated pursuant to applicable statutes, ordinances, rules and regulations of the State and City of New York.

19. On or about December 18, 2018, a new tenant took occupancy of Apartment 2L at the subject premises.

20. Upon information and belief, the aforementioned new tenant was installed in the apartment directly over plaintiff's by the owner of the subject premises for the purpose of harassing plaintiff and his wife into vacating their rent-stabilized apartment and moving out of the subject premises.

21. Upon information and belief, having plaintiff's apartment vacated would enable the owner of the premises to take steps resulting in the lifting of rent regulations on the apartment, thereby entitling the owner to increase the monthly rent.

22. Upon information and belief, the aforementioned new tenant of Apartment 2L was an off-duty New York City police officer, assigned to a precinct in the Bronx.

23. Upon information and belief, the aforementioned tenant of Apartment 2L was purposely making noise, at the behest of the owner of the subject premises, so as to harass plaintiff and his wife.

24. Between December 18, 2018 and March 18, 2019, plaintiff continually called the New York City 311 line to register numerous noise complaints with regard to the aforementioned tenant of Apartment 2L.

25. On numerous occasions between December 18, 2018 and March 18, 2019, police officers arrived at plaintiff's building in response to his aforementioned complaints, but consistently failed and refused to take any action whatsoever with regard to them.

26. Shortly after midnight on March 18, 2019, plaintiff phoned in a complaint to the aforementioned 311 complaint number about noise coming from Apartment 2L.

27. Plaintiff waited near the locked front entrance to the subject premises so that he could admit police officers responding to his noise complaint into the building.

28. However, no officer arrived at the building.

29. Plaintiff received an email message from the Police Department stating that police had responded to his complaint but that action had been deemed not to be necessary.

30. As plaintiff knew that no police officer had arrived at the entrance door to the subject premises, he now called 911.

31. In response to his 911 call, defendants HYLAND and PEPE arrived at the subject premises at approximately 2:00 A.M.

32. Defendant HYLAND asked plaintiff if he was the person who had called in the noise complaint.

33. When plaintiff answered in the affirmative, defendant HYLAND asked him if he wanted to kill himself.

34. Plaintiff answered that he did not.

35. Defendant HYLAND now asked plaintiff if he wanted to harm either defendant HYLAND or defendant PEPE.

36. Again, plaintiff answered that he had no such intention.

37. During the aforementioned back-and-forth, plaintiff was standing, supporting himself with a cane.

38. At this point, defendant HYLAND grabbed hold of one of the fingers of plaintiff's right hand, painfully twisted it, forced plaintiff's hands behind his back, very tightly handcuffed him, and pushed him to the building's lobby floor.

39. When plaintiff protested to defendant HYLAND that the handcuffs were too tight and were hurting him, defendant HYLAND responded by squeezing them even tighter.

40. At no time during the infliction of the aforementioned violent acts upon plaintiff did defendant PEPE make any efforts whatsoever to intervene so as to stop defendant HYLAND's violent actions against plaintiff.

41. Defendant HYLAND, without any cause or provocation therefor, called for an ambulance.

42. When the ambulance arrived, defendant HYLAND falsely informed the EMS personnel that plaintiff was in need of psychiatric care and, thus, had him transported to Elmhurst Hospital Center for psychiatric observation.

43. Plaintiff was released from Elmhurst Hospital later the same day, without any money and without his shoes.

44. Thus, plaintiff was compelled to walk home from Elmhurst Hospital to Rego Park, a distance of approximately two miles, in mid-March, barefoot.

45. Defendant HYLAND violated plaintiff's rights guaranteed to him to by the fourth amendment to the Constitution of the United States in that, acting under color of state law, he, without any cause or provocation whatsoever, falsely arrested and imprisoned him and intentionally and maliciously used excessive force on him.

46. Defendant PEPE violated plaintiff's rights guaranteed to him to by the fourth amendment to the Constitution of the United States in that, acting under color of state law, he failed to take any action whatsoever to deter or prevent defendant HYLAND from falsely arresting and imprisoning plaintiff and from using excessive force on him.

47. Because of the aforementioned acts committed against him by defendants HYLAND and PEPE, plaintiff suffered a deprivation of his right to be arrested and confined only with probable cause therefor, and his right to be free from the use of excessive force, both guaranteed to him by the fourth amendment to the Constitution of the United States, and, as a result, suffered a deprivation of his liberty; suffered serious and permanent physical injury to his wrists, for which he is still receiving treatment; and suffered severe emotional injury.

48. By reason of the unconstitutional and illegal actions taken against him by the individual defendants in this action, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants HYLAND and PEPE.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT HYLAND
## and THE CITY OF NEW YORK
## (Battery)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" hereinabove as if more fully set forth at length herein.

50. On or about March 18, 2019, at approximately 2:00 A.M., in the lobby of the premises 99-65 64th Road, Rego Park, County of Queens, City and State of New York, defendant HYALND, having no legitimate law enforcement reason to do so, offensively touched plaintiff by handcuffing him tightly and, when plaintiff complained of the aforementioned tightness, squeezing the handcuffs even tighter.

51. Defendant HYLAND kept plaintiff handcuffed as aforementioned for a period of approximately a half hour.

52. The aforementioned force used by defendant HYLAND was neither necessary nor reasonable.

53. At the aforementioned time and place, defendant HYLAND was acting within the scope of his employment by defendant CITY OF NEW YORK.

54. By reason of the aforementioned battery committed against him by defendant HYLAND, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was rendered sick, sore, lame and disabled; suffered, and continues to suffer, serious and permanent physical injury; required, and continues to require, treatment for his injuries; and continues to incur expenses for required medical treatment of his injuries.

55. As a result of the battery committed upon him by defendant HYLAND, while he was acting within the scope of his employment by defendant CITY OF NEW

YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HYLAND.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT HYLAND and THE CITY OF NEW YORK
(False Arrest)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" hereinabove as if more fully set forth at length herein.

57. On or about March 18, 2019, at approximately 2:00 A.M., in the lobby of the premises 99-65 64th Road, Rego Park, County of Queens, City and State of New York, defendant HYLAND, without any probable cause therefor, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused plaintiff to be placed in an ambulance and transported to Elmhurst Hospital Center, where plaintiff was confined, against his own free will, in the psychiatric ward thereof, for several hours.

58. Defendant HYLAND falsely, maliciously, wrongfully, unlawfully and illegally committed the aforementioned acts of falsely arresting and imprisoning plaintiff without any probable cause for doing so whatsoever.

59. Defendant HYLAND did not charge plaintiff with a violation of any provision of the Penal Law of the State of New York or the Administrative Code of the City of New York.

60. Several hours after first being confined in Elmhurst Hospital Center, plaintiff was released without being compelled to undergo any treatment for any condition whatsoever.

61. At the time he committed the aforesaid acts of false arrest and false imprisonment against plaintiff, defendant HYLAND was acting within the scope of his employment by defendant CITY OF NEW YORK.

62. By reason of the false arrest and false imprisonment committed against him by defendant HYLAND, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty; was rendered sick, sore, lame and disabled; was severely and permanently injured; and required, and will continue to require, medical treatment for injuries suffered as a result of his false imprisonment.

63. As a result of the acts of false arrest and false imprisonment committed against him by defendant HYLAND, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HYLAND.

WHEREFORE, plaintiff, SOLOMON SHANY, demands judgment against defendants SERGEANT ROBERT HYLAND, P.O. ROBERT PEPE and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries enumerated hereinabove and, in addition, seeks an award of punitive damages against defendants HYLAND and PEPE;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries enumerated hereinabove and, in addition, seeks an award of punitive damages against defendant HYLAND; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries enumerated hereinabove and, in addition, seeks an award of punitive damages against defendant HYLAND.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
June 16, 2020

_Alan D. L._
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2464